IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01763-PAB

SCOTTSDALE INDEMNITY COMPANY,

    Plaintiff,

v.

ROCKY MOUNAIN CRUDE OIL, LLC,
RMCO HOLDINGS, LLC,
US SHALE ENERGY ADVISORS, LLC,
US SHALE ENERGY MIDSTREAM, LLC,
US SHALE ENERGY GP LLC, and
US SHALE MANAMGENT COMPANY,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on defendants' Corporate Disclosure Statement [Docket No. 17].

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second,

regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

Plaintiff Scottsdale Indemnity Company asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 23 at 4, ¶ 17.  Federal Rule of Civil Procedure 7.1(a)(2) requires that each party file a disclosure of his or its citizenship. Rule 7.1, as amended in December 2022, states that, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must, unless the court orders otherwise, file a disclosure statement.  The statement must name and identify the citizenship of every individual or entity whose citizenship is attributed to that party . . . when the action is filed in or removed to federal court."  Fed. R. Civ. P. 7.1(a)(2).  The Committee Notes state that disclosure "is designed to facilitate an early and accurate determination of jurisdiction."  Fed. R. Civ. P. 7.1 (Advisory Comm. Notes).

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state

citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship. See *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

For all unincorporated entities, diversity jurisdiction in a suit by or against such an entity depends on the citizenship of all its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). In determining the citizenship of an LLC for jurisdictional purposes, the relevant inquiry is the citizenship of the LLC's members, not "owners." *See id.* The citizenship of a traditional trust depends on whether the trust is a traditional trust or a business trust. *Midwest Floor Coverings, Inc. v. Dorado Soapstone LLC*, 2019 WL 13219589, at *1 (D. Utah Oct. 11, 2019) (citing *Americold Realty Tr.*, 577 U.S. at 381 (2016)). The citizenship of the trustee determines the citizenship of a traditional trust, whereas a business trust "possesses the citizenship of all its members," which at

a minimum consists of the trust's beneficiaries.  *Id.* (citing *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015)).  Limited partnerships are deemed citizens of every state where any partner resides.  *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 186 (1990)).

Defendants' Rule 7.1 disclosure statement pursuant to Federal Rule of Civil Procedure is deficient in several respects.

### I.     Rocky Mountain Crude Oil, LLC

Defendants have failed to properly identify the citizenship of Rocky Mountain Crude Oil, LLC.  Defendants state that Rocky Mountain Crude Oil, LLC has a single member, RMCO Holdings, LLC.  Docket No. 17 at 2.  For the reasons discussed below, defendants have not properly identified the citizenship of RMCO Holdings, LLC.

### II.    RMCO Holdings, LLC

Defendants have failed to properly identify the citizenship of RMCO Holdings, LLC.  Defendants state that RMCO Holdings, LLC has two members, Mercuria Energy Americas, LLC and US Shale Energy Midstream, LLC.  *Id.*  Defendants do not identify the citizenship of the members of Mercuria Energy Americas, LLC.  For the reasons discussed below, defendants also have not properly identified the citizenship of US Shale Energy Midstream, LLC.

### III.   US Shale Energy Advisors, LLC

Defendants have failed to properly identify the citizenship of US Shale Energy Advisors, LLC.  Defendants state that US Shale Energy Advisors, LLC has three

members: Lone Mine Resources, Inc., Shale Energy Holdings, LLC, and Hilltoppers Capital Growth, LLC.

### A. Lone Pine Resources, Inc.

Defendants never identify the principal place of business or state of incorporation for Lone Pine Resources, Inc. *Id.* at 2; *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."). Instead, the disclosure discusses the citizenship of the partners of Lone Pine Resources, LP without specifying how this partnership is relevant to the membership of US Shale Energy Advisors, LLC. Docket No. 17 at 3.

Even assuming that Lone Pine Resources, LP fits within the membership of US Shale Energy Advisors, LLC, defendants have failed to properly identify the citizenship of the partners of Lone Pine Resources, LP. First, the disclosure identifies the residency of two individuals who are limited partners without identifying either their domicile or state citizenship. *Id.* at 3 ("Christopher A. Helms, a citizen of the United States of America who resides in the State of Texas"). Second, defendants state that the third limited partner of Lone Pine Resources, LP is Lone Pine Resources GP LLC. *Id.* Defendants identify the residency of the owners of Lone Pine Resources GP LLC. Defendants fail to identify the citizenship of the members of Lone Pine Resources GP LLC.

### B. Shale Energy Holdings, LLC

Defendants have failed to properly identify the citizenship of the members of Shale Energy Holdings, LLC. Defendants identify Starwood Trust as the sole member

of Shale Energy Holdings, LLC.  *Id.*  Defendants do not identify whether Starwood Trust is a traditional or business trust under Florida law.  *Id.* at 3.  Defendants also fail to identify the citizenship of Louis and Carol Ruscitto.

### C.  Hilltoppers Capital Growth, LLC

Defendants have failed to properly identify the citizenship of the members of Hilltoppers Capital Growth, LLC because they fail to identify the citizenship of William and Theresa Dickey.

## IV.   US Shale Energy Midstream, LLC

Defendants have failed to properly identify the citizenship of US Shale Energy Midstream, LLC because they failed to properly identify the citizenship of its only member, US Shale Energy Partners, LP.  *Id.* at 4.

Defendants have failed to properly identify the citizenship of US Shale Energy Partners, LP because they failed to properly identify the citizenship of each of the partners.

### A.  US Shale Energy Advisors

*See* Section III.

### B.  Bruce Erickson, Jordon Huettl, Scott Hillman, Christopher A. Himes, Christopher A. Helms, Christoper T. Helms

Defendants have failed to properly identify the citizenship of each of the individual partners of US Shale Energy Partners, LP.

### C. Lone Pine Resources

Defendants have failed to properly identify the citizenship of Lone Pine Resources.  They do not indicate which "Lone Pine Resources" defendants mean to identify or otherwise identify this entity's structure and citizenship.

### D. DQ Investment Group, LP

Defendants have failed to properly identify the citizenship of DQ Investment Group, LP.  They have not identified the citizenship of any partners associated with this partnership.

### E. Mountain Rays, LLC

Defendants have failed to properly identify the citizenship of Mountain Rays, LLC.  They have not identified the citizenship of any members of this company.

### V. US Shale Energy GP, LLC

Defendants have failed to properly identify the citizenship of US Shale Energy GP, LLC.  Defendants state that US Shale Energy GP, LLC has a single member, US Shale Advisors, LLC.  Defendants have failed to properly identify the citizenship of US Shale Advisors, LLC.  *See* Section III.

### VI. US Shale Management Company

Defendants have properly identified the citizenship of US Shale Management Company.  Defendants state that US Shale Management Company is a corporation formed under Delaware law with a principal place of business in Colorado.  That is sufficient.  *Grynberg*, 805 F.3d at 905.

Given these deficiencies, defendants have failed to comply with their disclosure obligations under Rule 7.1.  It is therefore

**ORDERED** that defendants shall supplement its Rule 7.1 disclosure statement on or before **December 1, 2023**.

DATED November 21, 2023.

BY THE COURT

_____
PHILIP A. BRIMMER
Chief United States District Judge